UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOMINICK RANIERI, d/b/a Dominick Ranieri
Architect, P.C.,

      Plaintiff and Counter-Defendant,

  v.                                                1:11-CV-01013
                                                       (GTS/CFH)

ADIRONDACK DEV. GROUP, LLC; HODOROWSKI
HOUSES, LLC; J. LUK CONSTR. CO., LLC; COLDWELL
BANKER PRIME PROPS., INC.; PRIME COS., LLC;
PARAGON PRIME FUNDING; PRIME LAND DEV., LLC;
CAPITAL CLOSING SERVS., LLC; FRANCIS J.
HODOROWSKI, SR.; FRANCIS J. "LUKE" HODOROWSKI,
JR.; KENNETH RAYMOND, JR.; NORTHSTAR HOME
DESIGNS, LLC; CREATIVE CONCEPTS HOME PLAN
SERVS., LLC; JOHN KAZMIERCZAK; PAUL
HODOROWSKI; and STEPHEN EDWARD LAMB, CAPITAL
DEV. GROUP, LLC; and DEAN DEVITO,

        Defendants, Cross-Claimants,
        and Counter-Claimants.
_____

APPEARANCES:                            OF COUNSEL:

THORN GERSHON TYMANN &           ERIN P. MEAD, ESQ.
  BONANNI, LLP                        AMANDA K. KURYLUK, ESQ.
  Counsel for Plaintiff                   MATTHEW H. McNAMARA, ESQ.
5 Wembley Court, New Karner Road      PAUL D. JURELLER, ESQ.
Post Office Box 15054
Albany, New York 12212-5054

STOCKLI SLEVIN & PETERS, LLP          JOHN P. STOCKLI, JR., ESQ.
  Counsel for Prime Defendants          MARY ELIZABETH SLEVIN, ESQ.
1826 Western Avenue
Albany, New York 12203


DREYER BOYAJIAN, LLP                   JOHN J. DOWD, ESQ.

 Counsel for Adirondack Dev. Group
 Defendants
75 Columbia Street
Albany, New York 12210

| | |
|---|---|
| HISCOCK & BARCLAY, LLP<br> Counsel for Coldwell Banker<br> Defendants<br>80 State Street<br>Albany, New York 12207 | DAVID B. CABANISS, ESQ. |
| One Park Place<br>300 South State Street<br>Syracuse, New York 13202-2078 | WILLIAM C. ALCIATI, ESQ.<br>MICHAEL A. OROPALLO, ESQ. |
| Seven Times Square – 44th Floor<br>New York, New York 10036 | ALPA V. PATEL, ESQ. |
| ROEMER WALLENS GOLD &<br> MINEAUX LLP<br> Counsel for Northstar Defendants<br>13 Columbia Circle<br>Albany, New York 12203 | MATTHEW J. KELLY, ESQ. |

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this copyright infringement action filed by plaintiff, Dominick Ranieri, d/b/a Dominick Ranieri Architect, P.C. ("Plaintiff") against the above captioned entities and individuals ("Defendants"), is a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) by the following defendants: Prime Companies, LLC; Paragon Prime Funding; Prime Land Development, LLC; and Capital Closing Services, LLC ("Prime Defendants"). (Dkt. No. 59.)[1] For the reasons set forth below, the Prime

---

[1] Also currently pending is a motion by the Prime Defendants to dismiss the Complaint, which has been fully briefed. (*See* Dkt. Nos. 23, 38, 39.) With leave of the Court,

2

Defendants' motion is granted.

**I.       RELEVANT BACKGROUND**

      **A.      Plaintiff's Amended Complaint**

Generally, liberally construed, Plaintiff's Amended Complaint asserts the following claims against the Prime Defendants: (1) copyright infringement related to the Admirals Walk Project; (2) copyright infringement related to the Vly Pointe Project; (3) copyright infringement related to the Jordan Pointe Project; (4) contributory copyright infringement; (5) unfair competition in violation of §43(a) of the Lanham Act; (6) unjust enrichment; (7) conspiracy; (8) interference with economic advantage; and (9) account stated. (*See generally* Dkt. No. 52 [Am. Compl.].)

Generally, in support of his claims, Plaintiff alleges the following:  On December 17, 2005, Plaintiff, who is an architect, entered into contracts with defendants Adirondack Development Group, LLC; Hodorowski Homes, LLC; J. Luk Construction Co., LLC; Francis J. Hodorowski, Sr.; Francis J. "Luke" Hodorowski, Jr.; and Paul Hodorowski (collectively "Adirondack"), to create plans for the construction of two condominium projects known as Vly Pointe and Admirals Walk.  In accordance with the contract, Plaintiff developed plans for the projects, which were to be used solely for those projects.  Using Plaintiff's plans, Adirondack commenced construction of the projects in October 2005 and April 2007 and by May 2007, had completed a substantial portion.  In April 2007, a dispute arose between Plaintiff and Adirondack

---

Plaintiff amended his complaint. (*See* Dkt. No. 52.)  Because Plaintiff's amended complaint supersedes his original complaint "in its entirety for all purposes," the Prime Defendants' first motion to dismiss is moot.  *See Coleman v. City of Syracuse*, No. 5:09-CV-1391, 2011 WL 13808, at *1 (N.D.N.Y. Jan. 4, 2011).  Accordingly, Defendants' first motion to dismiss is denied on that ground.

and on April 4, 2007, Adirondack advised Plaintiff that they were discontinuing use of Plaintiff's plans and would not make any further payments under the contract.

In 2011, Plaintiff learned that his plans for the projects had been given by Adirondack to Northstar for use in drafting plans for other buildings in that project and for other projects. Plaintiff also alleges that defendants unlawfully utilized plans he created for certain town houses and used those plans without his authorization for other projects, which Plaintiff discovered in July 2010.

The only factual allegations referring to the Prime Defendants by name appear in the section of the Amended Complaint devoted to a description of the parties. In Paragraphs 11-14, Plaintiff identifies each of the Prime Defendants as being a New York corporation that is engaged in the real estate, development and construction business. Plaintiff also alleges, regarding each of the Prime Defendants that it "participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint and derived direct financial benefit from that conduct." (*Id.* at ¶¶ 11-14.)[2]  In the remainder of the Amended Complaint,

---

[2]  Plaintiff further identifies defendant, Kenneth Raymond, Jr. ("Raymond"), who is not a moving defendant, as "the managing member and/or CEO and/or partner" of each of the Prime Defendants. (Dkt. No. 52 at ¶ 15.)  Plaintiff also alleges that Raymond "participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint and derived direct financial benefit from that conduct." (*Id.*)  The only additional allegation in the Amended Complaint that identifies Raymond by name is in support of a claim for "Interference with Business Relations/Contract" that by its terms is not asserted against the Prime Defendants. (*Id.* at ¶ 146.)  In his memorandum of law in opposition to the Prime Defendants' motion to dismiss the Amended Complaint, Plaintiff alleges that he has stated a claim for tortious interference with contractual relations. (*See* Dkt. No. 67-4, at 6 [Pl.'s Opp'n Mem. of Law.])  To be sure, both the Complaint and Amended Complaint include a tortious interference with economic advantage claim against the Prime Defendants, but do not include the Prime Defendants among those defendants against whom it claims tortious interference with business relations/contract. (*Compare* Dkt. No. 52 at ¶¶ 35-36 to Dkt. No. 1 at 33-34.)  Further, in his memorandum of law in opposition to the Prime Defendants' motion to dismiss the Complaint, Plaintiff argues against the Prime Defendants' motion to dismiss his claim for

Plaintiff refers to certain defendants by name, and in other places, refers to "defendants," collectively. Generally, Plaintiff's use of the use of the collective term, "defendants" is confusing, vague or internally inconsistent. In other instances, the allegations against "defendants" are merely conclusory statements of the elements of claims.

Familiarity with the remaining factual allegations supporting Plaintiff's claims is assumed in this Decision and Order, which is intended primarily for review by the parties. (*See generally* Dkt. No. 52.)

### B. Prime Defendants' Motion

Generally, in support of their motion to dismiss, the Prime Defendants argue that Plaintiff's claims must be dismissed because he fails to allege any factual allegation linking the Prime Defendants to the alleged wrongful conduct. In addition, the Prime Defendants argue as follows: (1) Plaintiff fails to plead a claim against them under § 43(a) of the Lanham Act because he fails to allege facts plausibly suggesting a valid trademark or trade name; (2) Plaintiff fails to plead an unjust enrichment claim against them because he fails to allege any facts to support a claim that they were enriched, that it was at Plaintiff's expense, or that equity favors a recovery for Plaintiff; (3) Plaintiff's asserted claims against them for conspiracy and interference with economic advantage are not supported by any factual allegations; (4) Plaintiff fails to plead a claim against them for account stated because he fails to allege that they were ever presented with an account, accepted an account or promised to pay any amount to Plaintiff; and (5)

---

tortious interference with economic advantage, not tortious interference with business relations/contract. (*See* Dkt. No. 38-1.) Finally, to the extent Plaintiff argues that it has alleged a tortious interference with business relations/contract claim against the Prime Defendants, that claim has been foreclosed by Judge Homer's decision denying Plaintiff's motion to amend the complaint in that regard. (*See* Dkt. No. 49, at 8, n.1.)

Plaintiff fails to state claims for copyright infringement because they are barred by the statute of limitations.  (*See generally* Dkt. No. 59-4 [Defs.' Mem. of Law] incorporating by reference Dkt. Nos. 23-1 and 39.)

Generally in response to the Prime Defendants' motion to dismiss, Plaintiff argues as follows: (1) Plaintiff sufficiently alleges claims against the Prime Defendants for copyright infringement and contributory copyright infringement; (2) Plaintiff has met the requirements to assert a claim of unfair competition against the Prime Defendants under the Lanham Act; (3) Plaintiff has asserted a valid cause of action against the Prime Defendants for unjust enrichment; (4) Plaintiff has asserted valid causes of action against the Prime Defendants for tortious interference with economic advantage and conspiracy; (5) Plaintiff has alleged sufficient facts to establish a cause of action against the Prime Defendants for account stated; and (6) Plaintiff's copyright infringement claims are timely under either the discovery rule or the accrual approach. (*See generally* Dkt. No.  67-4 [Pl.'s Opp'n Mem. of Law].)

## II.     RELEVANT LEGAL STANDARDS

### A.     *Legal Standard Governing Motions to Dismiss*

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's decision in *Wade v. Tiffin Motorhomes, Inc.*, 686 F. Supp. 2d 174, 181-84 (N.D.N.Y.) (Suddaby, J.).

### B.     **Legal Standards Governing Plaintiff's Claims**

#### 1.     **Copyright Claims**

##### a.     **Copyright Infringement**

In order to state a claim for copyright infringement a plaintiff must allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Palmer Kane LLC v. Scholastic Corp.*, No. 12-CV-3890, 2013 WL 709276, at *2 (S.D.N.Y. Feb. 27, 2013) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y.1992), aff'd, 23 F.3d 398 (2d Cir.1994), cert. denied, 513 U.S. 950, 115 S. Ct. 365 (1994)). Rule 8 of the Federal Rules of Civil Procedure "requires that the alleged infringing acts be stated with some specificity." *Palmer Kane LLC*, 2013 WL 709276, at *2 (citing *Kelly*, 145 F.R.D., at 36, n.3.) In order to provide the defendant with notice of the claims against it, a plaintiff "may not rest on bare-bones allegations that infringement occurred." *Id.* (quoting *Sharp v. Patterson*, No. 03-CV-8772, 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004)).

A civil copyright infringement action must be commenced "within three years after the claim accrued." 17 U.S.C. § 507(b). "Neither the Supreme Court nor the Second Circuit has ruled on the appropriate accrual rule for federal copyright infringement claims." *Urbont v. Sony Music Entm't*, 863 F. Supp. 2d 279, 282 (S.D.N.Y. 2012). Under one rule, a claim for copyright infringement accrues "at the time of each act of infringement, regardless of the copyright holder's knowledge of the infringement." *Urbont*, 863 F. Supp. 2d at 281. The competing rule states that a claim for copyright infringement "does not accrue until the aggrieved party knows or has reason to know of the injury that forms the basis of the claim." *Id.* The majority of District Courts within the Second Circuit follow the former rule, despite the consensus of courts outside of the Second Circuit that follow the discovery rule. *See id.*, at 282 (citing cases).

### b. Contributory Copyright Infringement

In order to state a claim for contributory copyright infringement, a plaintiff must allege that "a party with knowledge of the infringing activity induced, caused, or materially contributed to the infringing conduct of another." *Blank Prods., Inc. v. Warner/Chappell Music, Inc*., No. 11-CV-7927, 2013 WL 32806, at *3 (S.D.N.Y. Jan. 3, 2013) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117-18 (2d Cir.2010)). Where a defendant "engages in personal conduct that encourages or assists the infringement," it will be liable for contributory infringement. *Blank Prods., Inc.*, 2013 WL 32806, at *3 (quoting *Arista Records, LLC*, 604 F.3d at 118). Whether a defendant had knowledge of the infringing activity is an objective standard. Thus, where a defendant has "knowledge of infringement, the 'ability to police the infringing conduct,' and 'derived substantial financial benefit' from the infringement," it will be liable for contributory infringement. *Id.* (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc*., 443 F.2d 1159, 1162–63 (2d Cir.1971)).

### 2. Lanham Act

Section 43(a) of the Lanham Act provides a right of action against "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof" that "is likely to cause confusion ... as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1). *See also Bulman v. 2BKCO, Inc*., 882 F. Supp. 2d 551, 558 (S.D.N.Y. 2012); *New York City Triathlon LLC v. NYC Triathlon Club, Inc*., 704 F. Supp. 2d 305, 313 (S.D.N.Y. 2010). Section 43(a) protects both registered and unregistered marks. *See Bulman*, 882 F. Supp. 2d at 558 (citing *New York City Triathlon*, 704 F. Supp. 2d at 314, n.1).

In order to state a claim for false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must allege that it has a valid mark that is entitled to protection, and that the defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods. *See Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir.2003) (citing *Gruner + Jahr USA Publishing v. Meredith Corp.*, 991 F.2d 1072 (2d Cir.1993)). A product is entitled to protection where its trade dress is primarily nonfunctional and either possesses secondary meaning or is inherently distinctive. *See Nat'l Lighting Co.*, 601 F. Supp. 2d at 563, n.8 (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767, 112 S. Ct. 2753 (1992)).

Passing off or palming off are merely ways in which origin may be falsely designated. "Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's. Reverse passing off, as its name implies, is the opposite: The producer misrepresents someone else's goods or services as his own." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28, n.1, 123 S .Ct. 2041, 2045 (2003). To plead a reverse passing off claim for false designation of origin, a plaintiff must allege: "(1) that the product at issue originated with the plaintiff; (2) that origin of the work was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin." *Nat'l Lighting Co.*, 601 F. Supp. 2d at 564.

### 3. Unjust Enrichment

A plaintiff claiming unjust enrichment under New York common law must allege that "(1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the

circumstances were such that equity and good conscience require defendants to make restitution." *Prime Mover Capital Partners L.P. v. Elixir Gaming Techs., Inc.*, — F. Supp. 2d —, —, 2012 WL 4714799, at *14 (S.D.N.Y. 2012). In order to sufficiently state a claim for unjust enrichment, a plaintiff must allege what the defendant unjustly gained and how that gain was at plaintiff's expense. *See Washington v. Kellwood Co.*, No. 05-CV-10034, 2009 WL 855652, at *11 (S.D.N.Y. Mar. 24, 2009).

### 4. Tortious Interference With Economic Advantage & Conspiracy

In order to state a claim for interference with prospective economic advantage or relations under New York common law, a plaintiff must allege (1) the plaintiff had business relations with a third party; (2) the defendants interfered with those business relations; (3) the defendants acted either with the sole purpose of harming the plaintiff or by means that are dishonest, unfair, or in any other way improper and (4) the defendants' acts injured the relationship. *See Scutti Enter., LLC. v. Park Place Entm't Corp.*, 322 F.3d 211, 215 (2d Cir. 2003). *See also Burba v. Rochester Gas & Elec. Corp.*, 528 N.Y.S.2d 241, 243, 139 A.D.2d 939, 940 (N.Y. App. Div. 1988). "Interference with a plaintiff's business relations with a third party can be found if the plaintiff had a reasonable expectancy of a contract with the third party, which can result from mere negotiations." *Burba*, 528 N.Y.S.2d at 243, 139 A.D.2d at 940 (citation omitted). The New York Court of Appeals has held that "where a suit is based on interference with a nonbinding relationship, . . . the defendant's conduct must amount to a crime or an independent tort . . . to create liability for interference with prospective contracts or other nonbinding economic relations." *Carvel Corp. v. Noonan*, 818 N.E.2d 1100, 3 N.Y.3d 182, 190, 785 N.Y.S.2d 359 (N.Y. 2004) (citing *NBT Bancorp Inc. v Fleet/Norstar Fin. Group, Inc.*, 87

N.Y.2d 614, 641 N.Y.S.2d 581 (N.Y. 1996)).

The New York Court of Appeals has held that there is no claim for conspiracy to commit a tort in and of itself. *See Alexander & Alexander of New York, Inc. v. Fritzen*, 503 N.E.2d 102, 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546 (N.Y. 1986). However, allegations of conspiracy are permitted to connect the actions of separate defendants with an otherwise actionable tort. *See id.* Accordingly, where a complaint purports to state a claim for conspiracy, said claim should be dismissed, but the allegations in support thereof "may remain to provide a factual basis for admission of relevant evidence to the extent permitted by New York law." *Singh v. New York State Dep't of Taxation & Finance*, No. 06-CV-0299, 2011 WL 3273465, at *16 (W.D.N.Y. July 28, 2011) (citing *Alexander & Alexander*, 503 N.E.2d at103).

### 5. Account Stated

"[U]nder New York law, an account stated refers to a promise by a debtor to pay his creditor a stated sum of money that the parties had agreed upon as the amount due." *Jiaxing Hongyu Knitting Co., Ltd. v. Allison Morgan LLC*, No. 11-CV-9342, 2013 WL 81320, at *5 (S.D.N.Y. Jan. 8, 2013). In order to state a claim for account stated under New York common law, a plaintiff must allege facts plausibly suggesting "(1) an account was presented, (2) it was accepted as correct, and (3) debtor promised to pay the amount stated." *Topever Corp. v. ENE Group LLC*, No. 12-CV-869, 2013 WL 822378, at *4 (S.D.N.Y. Mar. 6, 2013) (citation omitted).

## III.  ANALYSIS

### A. Whether Plaintiff's Claims for Copyright Infringement and Contributory Copyright Infringement Should be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative

for the reasons stated in the Prime Defendants' memorandum of law.  (Dkt. No. 59-4 at 2-3 [Defs.' Mem. of Law].)  The Court would only add the following points.

First, to the extent Plaintiff argues that its blanket allegations that each of the Prime Defendants "participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint and derived direct financial benefit from that conduct" constitutes a factual allegation in support of his claims, he is mistaken.  Such statements are legal conclusions and may not be considered by the Court as factual allegations in support of Plaintiff's claims.

Second, while Plaintiff sets forth allegations regarding the specific copyrighted plans, his ownership of the copyright, and registration of the copyright, he fails to allege by what acts the Prime Defendants infringed those copyrights.  Plaintiff argues that his use of the collective term, "defendants" includes the Prime Defendants, and therefore, any allegation against "defendants" must be construed accordingly.  However, in those instances where Plaintiff argues he has alleged facts plausibly supporting his copyright infringement claims against the Prime Defendants, his use of the term "defendants," collectively is either confusing, vague or inconsistent, or is used to assert a legal conclusion, not a factual allegation.  For example, regarding the Vly Pointe project, Plaintiff alleges that "Defendants used [Plaintiff's] Works and Plans to complete two buildings and started work on two additional buildings thought to be similar to [Plaintiff's] original designs, but still had not paid [Plaintiff] in full."  (Dkt. No. 52, at ¶ 43.)  In addition, Plaintiff alleges that "[d]espite Defendants['] failure to pay Plaintiff under the Admirals Walk Project Agreement, . . . Defendants have nevertheless used and reused [Plaintiff's] Works and Plans in violation of [Plaintiff's rights]."  (Id., at ¶ 73.)  However,

nowhere in the Amended Complaint does Plaintiff allege that the Prime Defendants had any obligation to pay Plaintiff for his designs.  In fact, Plaintiff alleges that he entered into a contract with Adirondack for the designs and plans related to both projects.  (*See* id., ¶¶ 23, 58.)  Such vague and inconsistent allegations do not put the Prime Defendants on notice of the factual basis of Plaintiff's infringement claims against them.  Likewise, Plaintiff's allegations that "Defendants, and each of them, had access to the Copyrighted works and plans, . . . used this access to create the design, plans and advertisements for the Infringing Project, . . . have derived financial benefit from their aforementioned actions, . . . [and said actions] have and continue to infringe on [Plaintiff's] copyrights" are legal conclusions and do not put the Prime Defendants on notice of the factual basis for the claims against them.  (*Id*., at ¶¶ 54-57.  *See also* ¶¶ 74-80.)  "Broad, sweeping allegations of infringement do not comply with Rule 8."  *Kelly*, 145 F.R.D. at 36, n.3.

Plaintiff's allegations regarding the alleged infringing conduct on the Jordan Pointe project fare no better.  While Plaintiff alleges that "all defendants named in this suit[]" took certain infringing actions, he identifies the infringers as those he previously contracted with for the Admirals Walk and Vly Pointe projects, which by Plaintiff's own allegation is Adirondack. (Dkt. No. 52, at ¶¶82-84.)  Further, Plaintiff again asserts a series of legal conclusions in support of his claims regarding the Jordan Pointe project that are not considered as factual allegations. (*See id.* ¶¶ 88-91.)

In support of their motion to dismiss, the Prime Defendants cite Magistrate Judge Homer's denial of Plaintiff's motion to amend the complaint to add claims against defendant Dean DeVito for copyright infringement related to the Vly Pointe and Admirals Walk projects.

(*See* Dkt. No. 59-4, at 3 [Defs.' Mem. of Law] citing Dkt. No. 49, at 11.)  In doing so, Magistrate Judge Homer noted that "the only factual allegation linking DeVito to any alleged copyright infringement concerns only the [Jordan Pointe project.]  The proposed amended complaint is devoid of any other factual allegations against DeVito and contains only conclusory allegations that DeVito acted unlawfully."  (Dkt. No. 49, at 11.)  Magistrate Judge Homer went on to grant Plaintiff's motion to amend the complaint to add DeVito as a defendant to his copyright infringement claim and contributory infringement claim regarding the Jordan Pointe project, noting that in Paragraph 87 of the Proposed Amended Complaint, Plaintiff alleges that "DeVito knowingly provided [Plaintiff's] copyrighted designs plans . . . for use on the Jordan Point Project without authority, consent or permission, and without compensating [Plaintiff] for the use of his work as required under [contract]."  (*Id.*, citing [Dkt. No. 52, at ¶ 87.])  Plaintiff attempts to distinguish Magistrate Judge Homer's decision by arguing that Plaintiff "discusses ample involvement by the Prime Defendants" in the Amended Complaint.  (*See* Dkt. No. 67-4, at 3.)  However, as previously explained, Plaintiff has failed to discuss any involvement by the Prime Defendants giving rise to his copyright infringement claims or his claim for contributory infringement.

Finally, the Court notes that "[w]hile Rule 8 does not prohibit collective allegations against multiple defendants, it does require that the allegations be sufficient to put each defendant on notice of what they allegedly did or did not do."  *Howard v. Municipal Credit Union*, No. 05-CV-7488, 2008 WL 782760, at *12 (S.D.N.Y. Mar. 25, 2008) (citations omitted).  The Amended Complaint fails in this respect.  Where, as here, a complaint "is devoid of specific factual allegations regarding the wrongful conduct of each [defendant] . . . , primarily consists of

14

unsupported conclusory allegations regarding [the d]efendants as a collective group, . . . directly alleges that [d]efendants violated various laws and are liable pursuant to the statutory eligibility requirements[, . .] recites the requisite elements for certain causes of action[, . . .] never alleges individual conduct that, if proven, would demonstrate that a law was violated or would otherwise state a claim for relief against any particular [d]efendant[, and includes] facts [that] are inconsistent and do not support the individual claims asserted against the [d]efendants[, . . .] it must be dismissed as insufficient." *Ogbon v. Beneficial Credit Services, Inc.*, No. 10-CV-3760, 2011 WL 347222, at *2 (S.D.N.Y. Feb. 1, 2011).

Because Plaintiff fails to sufficiently plead his claims of copyright infringement, the Court need not, and does not, address the Prime Defendants' argument that those claims are time barred.

For these reasons, the motion to dismiss Plaintiff's copyright infringement claims and his claim for contributory copyright infringement against the Prime Defendants is granted.

### B.     Whether Plaintiff's Claims for Unfair Competition Under the Lanham Act Should Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law.  (Dkt. No. 59-4 at 2-3 [Defs.' Mem. of Law].)   The Court would only add the following points.

First, Plaintiff fails to sufficiently plead a Lanham Act claim against the Prime Defendants for the same reasons previously discussed regarding Plaintiff's copyright infringement claims.  For these reasons, Plaintiff's Lanham Act claim against the Prime Defendants must be dismissed.

Because Plaintiff's Lanham Act claim against the Prime Defendants is dismissed as

insufficiently pled, the Court need not, and does not, address the Prime Defendants' argument that Plaintiff fails to state a Lanham Act claim because he fails to allege any facts plausibly suggesting the existence of any name or mark that would qualify as a trademark within the definition of the statute.

For these reasons, the motion to dismiss Plaintiff's Lanham Act claim against the Prime Defendants is granted.

### C. Whether Plaintiff's Claim for Unjust Enrichment Should be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law. (Dkt. No. 59-4 at 2-3 [Defs.' Mem. of Law].) The Court would only add the following point.

For the reasons previously discussed in support of the Court's dismissal of Plaintiff's copyright infringement claims, Plaintiff's claim against the Prime Defendants for unjust enrichment must also be dismissed. Plaintiff's assertions in support of its claim for unjust enrichment are legal conclusions, not factual allegations.

For these reasons, the motion to dismiss Plaintiff's claim for unjust enrichment against the Prime Defendants is granted.

### D. Whether Plaintiff's Claim for Tortious Interference With Economic Advantage Should be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law. (Dkt. No. 59-4 at 2-3 [Defs.' Mem. of Law].) The Court would only add the following points.

For the reasons previously discussed in support of the Court's dismissal of Plaintiff's copyright infringement claims, Plaintiff's claim against the Prime Defendants for tortious

interference must also be dismissed.

For these reasons, the motion to dismiss Plaintiff's claim for tortious interference with economic advantage against the Prime Defendants is granted.

### E. Whether Plaintiff's Claim for Conspiracy Should Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative, partly for the reasons stated in Defendants' memorandum of law. (Dkt. No. 59-4 at 2-3 [Defs.' Mem. of Law].) The Court would only add the following points.

As indicated in Point II.B.4. of this Decision and Order, New York common law does not recognize a claim for civil conspiracy. For this reason, Plaintiff's conspiracy claim must be dismissed.

Further, to the extent Plaintiff purports to allege that the Prime Defendants conspired to interfere with his business relations with a third party, the Amended Complaint fails to allege facts plausibly suggesting that the Prime Defendants conspired with a third party to commit any tort under New York common law.

For these reasons, the motion to dismiss Plaintiff's claim for conspiracy against the Prime Defendants is granted.

### F. Whether Plaintiff's Claim for Account Stated Should Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law. (Dkt. No. 59-4 at 2-3 [Defs.' Mem. of Law].) The Court would only add the following points.

For the reasons previously discussed in support of the Court's dismissal of Plaintiff's copyright infringement claims, Plaintiff's claim against the Prime Defendants for account stated

must also be dismissed.  Further, the Amended Complaint is devoid of any allegation that the Prime Defendants promised to pay an account stated to Plaintiff.

For these reasons, the motion to dismiss Plaintiff's claim for account stated against the Prime Defendants is granted.

**ACCORDINGLY,** it is

**ORDERED** that the Prime Defendants' first motion to dismiss the Complaint (Dkt. No. 23) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Prime Defendants' motion to dismiss the Amended Complaint (Dkt. No. 59) against them is **GRANTED** in its entirety; and it is further

**ORDERED** that Amended Complaint is **DISMISSED** with prejudice as against Prime Companies, LLC; Paragon Prime Funding; Prime Land Development, LLC; and Capital Closing Services, LLC; and it is further

**ORDERED** that the Clerk of the Court amend the caption to terminate Prime Companies, LLC; Paragon Prime Funding; Prime Land Development, LLC; and Capital Closing Services, LLC as parties to this action; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Hummel to reset pretrial scheduling deadlines.

Dated: March 27, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge